SEBRING, Justice.
The appellees, other than the members of the Florida Railroad and Public Utilities Commission, are stockholders of the Florida Bridge Company, which acquired a franchise for construction of a highway toll bridge across Gasparilla Sound in Charlotte County, Florida. The Bridge Company subsequently contracted to sell the franchise to the appellant, American International Corporation, and when the latter refused to complete the contract on the ground that certain steps taken by the Bridge Company in obtaining the franchise in question were invalid, the present proceeding for declaratory relief was instituted by appellees. From a decree construing the applicable statutes and holding the franchise to have been lawfully awarded, this appeal has been prosecuted.
Three issues are raised on the appeal from the decree, as follows: (1) Did the publication of notice prior to presentation of the application for franchise comply with the requirements of section 347.14(2), Florida Statutes, F.S.A.? (2) Does section 347.14(3) permit an amendment of the physical route of the proposed facility subsequent to publication of notice describing the locality wherein the privilege of franchise is sought? (3) Did the Florida Railroad and Public Utilities Commission violate the terms of section 347.14(5) when it extended the time within which commencement and completion bonds might be filed?
As to the first point raised the statute provides as follows:
“347.14 Conditions upon which franchise is to issue * * * (2) The intention to make such application shall be advertised in a newspaper * * * for a period of four full weeks, once a week prior to presenting same * * (Emphasis supplied.)
The Florida Bridge Company, in pursuance of this statute, caused a notice of its intention to apply for a franchise to be published in a proper newspaper on July 6, 13, 20 and 27, 1950, stating that it would make and file its application with the Commission “on or before the 5th day of August, 1950.” The application was physically filed with the Commission on August 1, 1950, but was not actually presented at a hearing until November 1, 1950, and final action was taken on May 8, 1952.
The contention is made that the filing of the application was premature because it was done before the lapse of four weeks after first publication, but the disposition of this issue made by the decree of the court below would appear to be manifestly correct:
“This Court finds the ‘filing’ of the application with the Commission on August 1, 1950 to be merely the lodging or placing of the application in the hands of the proper officer of said Commission, with a continuing duty on the part of said Commission officer to accept and file the application in the proper manner and form * * *. It is well established that a pleading filed prior to a return day is taken as having been filed [or presented] on such return day. So is the case here.”
 On the second issue, the statutory language to be construed is that “The contents of the notices declaring such intention shall describe the locality wherein the privilege is sought, and exactly the nature, extent, and character of such privilege.” Section 347.14(3). The notice given by the Bridge Company identified the locality of the proposed facility as “a highway bridge over Gasparilla Sound between the mainland at or near Placida and Gasparilla Island, all of which is to be located and situate in Charlotte County, Florida,” and • clearly described the “nature, extent, and character” of the facility as a solid-fill causeway with concrete trestles, stating width, height, and horizontal and vertical clearances. The notice further described the proposed route location in general terms, the northerly terminus to be “near Placida and the southerly terminus * * * about 1,200 feet southward from the northerly end of Gas-parilla Island,” giving other distance meas *872 urements in approximate figures. It was the opinion of the court below that the Commission properly permitted amendment of the latter figures so as to accomplish minor changes in the precise route location subsequent to publication of the notice, and in this we do not think it committed error.
This conclusion is in accord with the plain language of the statute quoted, requiring only that the locality of the facility be described and limiting the necessity for exact details to the description of the character and extent of the facility, with reference to construction features and size. Inasmuch as the route location was originally designated in the notice only in approximate figures, it is difficult to see how it can be contended that prejudice could result from a minor variation thereof so as to affect the validity of a franchise granted pursuant to such notice.
The last issue requires a consideration of section 347.14(5), Florida Statutes, F.S.A. This section provides as follows:
“The grantee * * * as conditions precedent to the effectiveness of the grant [1] shall furnish * * * bond * * * conditioned for the actual beginning of operations * * *, within not less than twelve months from the time of the granting of same; and [2] shall furnish a like bond * * * conditioned for the completion and equipment of such works, within such time as may be prescribed in the discretion of the commission, but not to be longer than five years, provided that the time element in the condition of this second bond may be in the discretion of the commission for good cause extended.”
On May 8, 1952, the Commission entered its order granting the franchise, to “become effective when [the Bridge Company] shall furnish * * * a bond * * * conditioned on the actual beginning of operations * * * on or before March 31, 1953; and a like bond * * * conditioned for the completion [of same] within five years from date of this Order.” A petition for extension of time for filing these bonds was presented on March 27, 1953, and on April 16, 1953, the Commission entered an amendatory order extending the time for posting the commencement bond to May 7, 1953, and the completion bond to December 31, 1953.
It seems readily apparent that the last order entered by the Commission did not purport to alter or extend the periods provided by the statute for the conditions of the commencement and completion bonds, i.e., one year and five years, respectively, from the date of the original grant. The view of the court below that the phrase “within not less than twelve months,” used in the statute to describe the condition of the first bond, must be construed to protect the public’s rights by requiring prompt commencement within one year is, in spite of the gross ambiguity of the language used, in accord with all rules of reasonable intendment.
Since the statute does not prescribe any specific time within which the bonds must be filed, other than to indicate that the furnishing of the same shall be “conditions precedent to the effectiveness of the grant,” it must be assumed that some discretion was vested in the Commission with respect to setting or extending a time for posting such bonds, so long as the filing of the same is not delayed beyond the date upon which the applicant must guarantee commencement or completion or such reasonable time prior thereto as may be deemed necessary to protect the public interest.
The decree appealed from should be affirmed.
It is so ordered.
MATHEWS, C. J., and THOMAS and DREW, JJ., concur.